**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Norma Salinas, Maria Rodriguez, Rocio Francisco, *on behalf of themselves and others similarly situated* | ) ) ) ) | Case No. 19-cv-8390 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Stella Smolka, Darius Smolka and Best Maids, Inc., | ) ) ) | |
| Defendants. | ) ) | Jury demanded |

**COMPLAINT**

Plaintiffs Norma Salinas, Maria Rodriguez, and Rocio Francisco, ("Plaintiffs"), through their attorneys, Lopez & Sanchez, LLP for their Complaint Stella Smolka, Darius Smolka and Best Maids, Inc., (collectively "Defendants"), state as follows:

**INTRODUCTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for failure to pay for all hours worked by Plaintiffs and similarly situated co-workers; for failure to pay the overtime premium of one and one half times plaintiffs' hourly wage for all hours worked in excess of forty (40) hours in a workweek, for failing to provide meal periods, for failing to pay for hours worked spent traveling from the corporate office to (and between), work locations and for transporting their fellow workers and for unauthorized and prohibited deductions from Plaintiffs' wages for equipment repair, supplies and docking Plaintiffs' pay when they received complaints about the quality of the work performed.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**THE PARTIES**

3. At all relevant times herein, Norma Salinas, Maria Rodriguez, and Rocio Francisco, resided in and were domiciled within this judicial district.

4. At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, and IWPCA within this judicial district.

5. At all relevant times herein, Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of their employment, Plaintiffs worked for Defendants in their business performing housekeeping duties at various assigned locations in the Chicago metropolitan area including within the City of Chicago itself. .

7. At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA 820 ILCS 115/1 et seq.

8. Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

9. Defendant Best Maids, Inc. ("Best Maids"), is a corporation organized under the laws of the State of Illinois and operates a cleaning service out of their office at 7705 W. 96th Street, Hickory Hills, IL 60457, and otherwise conducts business within this judicial district. Defendant Interstate is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1),

2

and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10. At all relevant times herein, Defendant Best Maids, was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

11. Defendants Stella and Darius Smolka, were Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.* were involved in the day to day business operation of Defendant Interstate. Defendants had the authority to hire and fire persons employed by Defendant Interstate, including Plaintiffs; the authority to direct and supervise the work of Defendant Interstate ikmmmm9employees; the authority to sign on Defendant Interstate's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12. Plaintiffs worked various schedules from Monday through Saturday starting as early as 6:00 am and working until as late as 7:30 or 8:00 p.m. and usually totaled more than 48 hours of work time per week, although they were not paid for all of their work time.

13. Plaintiffs have been employed within the last three years from the filing of this lawsuit, although some have worked there for longer.

14. During the course of their employment Plaintiffs have been systematically denied payment for the actual time it takes to clean the houses and apartments they are assigned by Defendants to clean.

15. Plaintiffs receive a tablet which tells them where they are assigned to go every day showing the houses that must be cleaned, the expected arrival time and the time assigned by Defendants for cleaning each house.

3

16. The work assigned by Defendants is usually such that it cannot be completed in the allotted time allocated by Defendants for cleaning each property.

17. Plaintiffs rarely if ever took the half hour lunch break that they were due.

18. Plaintiffs could not usually take more than fifteen minutes for lunch as they could not finish cleaning the houses they were assigned to clean if they took the full half hour.

19. When Plaintiffs customarily did take breaks shorter than a half hour, Defendants would subtract the full half hour from their time on a daily basis.

20. Defendants also failed to pay or underpaid Plaintiffs for the time spent traveling for work. Plaintiffs at times traveled to the corporate office to get supplies and equipment and to pick up keys.

21. Defendants did not pay for the time spent traveling from the corporate office to the day's first work location.

22. Nor did Defendants allocate sufficient time for Plaintiffs to travel between work sites either – often failing to pay for all the time travel actually took and also underpaying (including paying for travel time at a lower hourly wage below the minimum wage), for this travel time.

23. Plaintiffs Salinas and Francisco and a subset of their co-workers performed additional duties as drivers. They were required to go to the corporate office to pick up supplies and keys on a regular basis, prior to beginning their work day and often had to drop off keys and equipment after they were done cleaning.

24. They also had to drop off coworkers and were not paid for the time spent traveling to the corporate office at the end of the day or traveling to drop off and pick up their co-workers.

25. Defendants also routinely charged Plaintiffs for equipment repairs or replacements, and would deduct for supplies used (like cleaning rags) and not returned.

26. Plaintiffs have executed consent to sue letters, which are attached to this complaint as an exhibit.

## CLASS AND COLLECTIVE ALLEGATIONS

**Fair Labor Standards Act**

27. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Counts I and II of this action are maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.* Count I and II allege a willful violation of the FLSA and seek an additional, third year of limitations and seek liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiffs seek to send Notice to all similarly situated employees who have been denied proper compensation, as required by 29 USC Section 216(b) and supporting case law.

**Illinois Minimum Wage Law**

28. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count III of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

**Illinois Wage Payment and Collection Act**

29. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 et seq.et seq. Count IV of this action is brought by Plaintiffs to recover illegally and improperly deductions for equipment or supply repair and replacement. They also sue to recover money deducted from their pay when they received customer complaints for the time period after the date ten (10) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

## COUNT I
## Violation of the Fair Labor Standards Act - Minimum Wages
## Collective Action

30. Plaintiffs incorporate and re-allege paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay all wages to Plaintiffs, and others similarly situated, that they were due.

32. During the course of Plaintiffs' employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

33. During the course of Plaintiffs' employment with Defendant, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

34. Plaintiffs, and others similarly situated, worked more than 40 hours per week but were routinely paid for less than all of the hours they worked and were not paid an overtime premium for those hours worked beyond forty per week.

35. Defendants only paid Plaintiffs and others similarly situated, for the time Defendants decided to allot to clean each work location. When Plaintiffs worked beyond the time allotted, they were not paid for this time.

36. Pursuant to 29 U.S.C. §206, Plaintiffs and others similarly situated, were entitled to be compensated at a rate of $10.00 per hour for all time worked less than forty (40) hours from July 1, 2015 – June 30, 2016, at 1

37. $10.50 for work performed between July 1, 2016 – June 30, 2017, $11.00 per hour for work performed after July 1, 2017 and $12.00 per hour for work performed after July 1, 2018.

38. By failing to allot a sufficient amount of time to perform their work and only paying for the allotted time even when Plaintiffs worked more than that time Defendants failed to pay Plaintiffs the minimum wage for all time worked in violation of the FLSA, 29 U.S.C. § 206.

39. Also, by not paying Plaintiffs and other similarly situated workers for their pre-employment activities including picking up supplies, keys and transporting fellow workers and for travel time between work sites, Defendants violated the FLSA.

40. Defendant willfully violated the FLSA by refusing to pay Plaintiffs and others similarly situated, the minimum wage for all time worked in individual work weeks.

41. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' willful failure to pay the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount Plaintiffs' regular rate for all time Plaintiffs and others similarly situated, worked per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs and others similarly situated, are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act - Overtime Wages
### Collective Action

42. Plaintiffs incorporate and re-allege paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one-half times Plaintiffs' regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

44. During the course of Plaintiffs' employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

45. During the course of Plaintiffs' employment with Defendant, Plaintiffs and others similarly situated, were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

46. Plaintiffs and others similarly situated, worked more than 40 hours per week but were routinely paid for less than all of the hours they worked and were not paid an overtime premium for those hours worked beyond forty per week.

47. Defendants only paid Plaintiffs and others similarly situated, for the time Defendants decided to allot to clean each work location. When Plaintiffs and others similarly situated, worked beyond the time allotted, they were not paid for this time.

48. Pursuant to 29 U.S.C. §206, Plaintiffs were entitled to be compensated at a rate of $10.00 per hour for all time worked less than forty (40) hours from July 1, 2015 – June 30, 2016, at $10.50 for work performed between July 1, 2016 – June 30, 2017, $11.00 per hour for work performed after July 1, 2017 and $12.00 per hour for work performed after July 1, 2018.

49. By failing to allot a sufficient amount of time to perform their work and only paying for the allotted time even when Plaintiffs and others similarly situated, worked more than that time Defendants failed to pay Plaintiffs regular and overtime pay for all time worked in violation of the FLSA, 29 U.S.C. § 207.

50. Also, by not paying Plaintiffs and other similarly situated workers for their pre-employment activities including picking up supplies, keys and transporting fellow workers and for travel time between work sites, Defendants violated the FLSA.

51. Pursuant to 29 U.S.C. §207, Plaintiffs and others similarly situated, were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks and were not.

52. Defendants' failure to pay Plaintiffs and others similarly situated, overtime wages at a rate of one and one-half times her hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

53. Defendants willfully violated the FLSA by refusing to pay Plaintiffs and others similarly situated, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

54. Plaintiffs and others similarly situated, are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' and others similarly situated, regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs and others similarly situated, are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law-Overtime Wages
### Rule 23 Class Action

55. Plaintiffs reallege and incorporate paragraphs 1-54 as if set forth herein.

56. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay overtime wages to Plaintiffs and others similarly situated, at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

57. During the course of Plaintiffs' employment by Defendants, Plaintiffs and others similarly situated, were not exempt from the overtime wage provisions of the IMWL.

58. During the course of Plaintiffs' employment with Defendants, Plaintiffs and others similarly situated, were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

59. Pursuant to 820 ILCS 105/4(a), Plaintiffs and others similarly situated, were entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

60. Defendants did not compensate Plaintiffs and others similarly situated, at the rate of one and one half time their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

61. Defendants' failure to pay Plaintiffs and others similarly situated, overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

62. Pursuant to 820 ILCS 105/12(a), Plaintiffs and others similarly situated, are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
**Violation Of The IWPCA Unauthorized Deductions
Class Action**

63. Paragraphs 1 through 62 are re-alleged and incorporated as though set forth fully herein.

64. Throughout the course of Plaintiff's and the Plaintiff class' employment, they had an employment relationship with Defendants, and an employment agreement, established by the present and prior conduct of the parties evincing their intent to be parties to an employer-employee relationship.

65. During the course of Plaintiff's and the Plaintiff class' employment, Defendants made deductions from their wages for equipment repair, to replace supplies and to dock employees when they received a bad review on a regular basis.

66. Such deductions (1) were not required by law; (2) were not to Plaintiff's or the Plaintiff class' benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant contemporaneous authorization form, signed and dated by Plaintiff and the Plaintiff class.

11

67. Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiff's wages.

68. Plaintiffs and others similarly situated, were damaged by Defendants' violation of the IWPCA.

69. This Count IV is brought as a Rule 23 class action, because although the precise number is unknown, the Plaintiff class is so numerous that joinder of their claims would be impracticable. It is estimated that there are at least 30 individuals in the putative class who experienced deductions.

70. The deductions present common questions of law and fact which predominate over variations that exist in the Plaintiff class, and the named Plaintiffs' claims as to deductions are typical of those presented by the putative class.

71. Moreover, Named Plaintiffs are appropriate and adequate representatives of the Plaintiff class, and Plaintiffs' counsel is competent in the field of wage and hour claims including collective and class actions.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

A. declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

B. awarding an amount of damages pursuant to the formula set forth in the IWPCA, Section 115/14(a);

C. ordering Defendants to account for unauthorized deductions to Plaintiffs and the class Plaintiffs represent and entering judgment in Plaintiffs' and the Plaintiff class' favor;

D. directing Defendants to pay to Plaintiffs their reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

E. for such additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

/s/   Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784
jsanchez@lopezsanchezlaw.com


Dated: December 22, 2019

13